UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL E. SULLIVAN** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NUMBER:** |
| **WORLEY CATASTROPHE SERVICES, LLC** | **SECTION:** |
| **Defendant** | **MAG. DIV.** |
| | **JURY TRIAL** |

## COMPLAINT

NOW INTO COURT comes plaintiff, MICHAEL E. SULLIVAN, appearing through undersigned counsel, and respectfully represents:

### I. JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 2202, and the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.* Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about July 12th, 2011, contending that he was wrongfully discharged due to his age. A Notice of Right to Sue letter, dated July 18th, 2011, was received by him on or about August 4th, 2011. This lawsuit is filed within ninety (90) days of receipt of said letter.

2.  Supplemental jurisdiction is invoked as to those matters cognizable pursuant to the Constitution and laws of the State of Louisiana.

## II. PARTIES

3. Plaintiff herein is MICHAEL E. SULLIVAN, a person of full age of majority and domiciled in the Parish of Orleans, State of Louisiana. Plaintiff was employed with defendant, Worley Catastrophe Services, LLC, from July 19th, 2010, in the capacity of a Loss of Income Adjuster, for British Petroleum oil spill claims, and remained continuously employed until September 18th, 2010, on which date he was wrongfully discharged.

4. Defendant herein is WORLEY CATASTROPHE SERVICES, LLC, a foreign corporation with its principal place of business located at 303 Timber Creek, Hammond, LA. 70404. It is an employer within the meaning of 42 U.S.C. 2000e(b). At all times relevant hereto, it was the employer of plaintiff.

## III. FACTS

5. Plaintiff was employed with defendant, Worley Catastrophe Services, LLC, from July 19th, 2010, in the capacity of a Loss of Income Adjuster, for British Petroleum oil spill claims, and remained continuously employed until September 18th, 2010, on which date he was wrongfully discharged.

6. Plaintiff received a satisfactory evaluation from his manager during the term of his employment. His starting salary was approximately $550.00 per day, for a total of approximately $3,850.00 per week, for a seven day week. However, according to plaintiff's employment agreement, plaintiff should have been paid $813.00 per day, for a total of approximately $5,691.00 per week, for a seven day week.

7. Plaintiff performed his duties admirably, as reflected by his performance evaluation. Yet, plaintiff was included in a group of generally older and more experienced

workers who were all wrongfully terminated on or about September, 2010. The group of workers who were retained and not terminated were substantially less experienced, and younger, than the group of terminated, more experienced, and older workers. Plaintiff was not offered any other position with defendant.

8. As a result of defendant's unlawful actions, plaintiff experienced, and continues to experience, anger, frustration, embarrassment, emotional distress, depression and anxiety.

### IV. CAUSES OF ACTION

9. Defendant, acting through its agents and employs, terminated plaintiff because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*

10. Defendant, acting through its agents and employs, refused to consider plaintiff for the remaining available positions because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*

11. Defendant, acting through its agents, unlawfully terminated plaintiff. In so doing, defendants intentionally caused plaintiff to experience, anger, frustration, embarrassment, emotional distress, depression and anxiety.

12. Defendant, acting through its agents, refused, and continues to refuse, to compensate plaintiff pursuant to the terms of the employment agreement between them.

### V. RELIEF

13. Wherefore, Plaintiff prays that the Court:

    a. Enter a declaratory judgment that the aforementioned facts and practices of defendants are in violation of the Constitution and laws of the United States and of the State of Louisiana.

   b. Enter judgment in favor of plaintiff, and against defendant, finding that defendant, acting through its agents and employs (1) terminated plaintiff because of his age, (2) refused to consider plaintiff for the remaining positions because of his age, (3) breached plaintiff employment agreement by refusing to pay to him the full amount due and owing, and (4) terminated plaintiff under circumstances which caused him to experience anger, frustration, embarrassment, emotional distress, depression and anxiety

   c. Enter judgment in favor of plaintiff, and against defendant, awarding special, general compensatory and punitive damages.

   d. Award plaintiff all costs of this litigation, including reasonable attorney's fees.

## VI.  JURY TRIAL

14. Plaintiff requests trial by jury as to all issues so triable.

       **RESPECTFULLY SUBMITTED,**

       _____**s/ David A. Dalia**_____
       **DAVID A. DALIA (#01320)**
       **830 UNION STREET, SUITE 302**
       **NEW ORLEANS, LA. 70112**
       **PH: (504) 524-5541**
       **FAX: (504) 525-0449**
       **EMAIL: david@dalia-law.com**
       **EMAIL: davidadalia@gmail.com**
       **COUNSEL FOR PLAINTIFF**

SERVICE INSTRUCTIONS TO FOLLOW