UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL E. SULLIVAN                              CIVIL ACTION

VERSUS                                           NO. 11-2597

WORLEY CATASTROPHE                               MAGISTRATE JUDGE
SERVICES, LLC                                    JOSEPH C. WILKINSON, JR.

## <u>ORDER ON MOTION</u>

Michael E. Sullivan sued his former employer, Worley Catastrophe Services, LLC

("Worley"), alleging that Worley discriminated against him based on his age by

terminating his employment in September 2010 and refusing to rehire him, in violation

of the Age Discrimination in Employment Act (the "Act"). 29 U.S.C. § 621 et seq. He

also alleged that Worley breached their employment agreement by failing to pay him

agreed upon wages, in violation of Louisiana state law. Plaintiff's complaint was

dismissed on defendant's motion for summary judgment, and judgment was entered in

defendant's favor. Record Doc. Nos. 24, 25.

Sullivan filed a Motion to Reconsider, Alter, or Amend Judgment. Record Doc.

No. 26. Worley filed a timely memorandum in opposition to Sullivan's motion. Record

Doc. No. 27. Plaintiff received leave to file a reply memorandum. Record Doc. Nos. 32.

33, 34.

Having considered the submissions of the parties and the applicable law, and for

the following reasons, IT IS ORDERED that plaintiff's Motion to Reconsider, Alter, or

Amend Judgment is DENIED.

A.    Standards of Review

Although Sullivan does not mention the appropriate legal standard in his motion, Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Plaintiff's motion was filed eight days after entry of judgment.  Therefore, Rule 59(e) supplies the standard of review.

The district courts have broad discretion in deciding Rule 59(e) motions.  Johnson v. Diversicare Afton Oaks, LLC, 597 F.3d 673, 677 (5th Cir. 2010); McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010) (citing Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995)).  The Fifth Circuit

> "has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law."  The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment."

In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2009 WL 2447846, at *2 (E.D. La. Aug. 6, 2009) (quoting So. Contractors Grp., Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993); Johnson v. Cain, No. 05-1943, 2007 WL 1741883, at *1 (E.D. La. June 14, 2007)) (citing Arceneaux v. State Farm Fire & Cas. Co., No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008)) (emphasis added); accord McGillivray, 360 F. App'x at 537 (citing In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)).

Because a Rule 59(e) motion "calls into question the correctness of a judgment," it is permitted only in narrow situations, "primarily to correct manifest errors of law or

fact or to present newly discovered evidence." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (quotation and citations omitted).

"'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" In re Rodriguez, 695 F.3d 360, 371 (5th Cir. 2012) (quoting Templet, 367 F.3d at 479). "In Templet, [the Fifth Circuit] refused to reverse a district court's rejection of a Rule 59(e) motion when 'the underlying facts were well within the [plaintiffs'] knowledge prior to the district court's entry of judgment.'" Id. (quoting Templet, 367 F.3d at 479).

"A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (citation omitted). "A court should not grant Rule 59(e) relief on the basis of 'arguments which could, and should, have been made before the judgment issued,' and should not allow a case to be argued under a new legal theory." McAlpine v. Porsche Cars N. Am. Inc., 428 F. App'x 261, 263 (5th Cir. 2010) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Sullivan argues that the court's order granting summary judgment included manifest errors of fact and law. In support of this argument, he attached to his reply memorandum a supplemental declaration and report from an expert statistician, Maria Sirois, whose original expert report he proffered in opposition to defendant's motion for summary judgment. Plaintiff also appears to argue that the judgment should be

3

reconsidered to prevent manifest injustice because his counsel was undergoing cancer treatments during the course of this lawsuit.

      B.    <u>Plaintiff's Breach of Contract Claim</u>

Sullivan does not point out any legal or factual errors in the court's ruling dismissing his breach of contract claim.  Although he states in his memorandum that he intended to amend his complaint to dismiss his breach of contract claim and add class action allegations regarding his age discrimination claim, he never moved to amend the complaint.  He confirms that he intended to dismiss his breach of contract claim from this lawsuit because the same claim was the subject of a pending class action in state court. Record Doc. No. 26-1 at p. 2.  No basis exists to alter or amend the court's judgment dismissing plaintiff's breach of contract claim without prejudice.

      C.    <u>Plaintiff's Age Discrimination Claim</u>

As to his age discrimination claim, Sullivan argues that the court made several factual and legal errors in granting Worley's motion for summary judgment.  I have reviewed all of plaintiff's arguments and the new evidence that he submitted with his reply memorandum, and I find that none of his arguments warrants granting the extraordinary remedy he seeks.  "To get relief under Rule 59(e), [plaintiff] must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" <u>Gonzalez v. Aztex Advantage</u>, No. 12-20604, 2013 WL 5514342, at *2 (5th

Cir. Oct. 7, 2013) (quoting <u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005)).

Sullivan has done neither.

Much of plaintiff's memorandum merely rehashes arguments and evidence that he previously submitted in opposition to defendant's motion for summary judgment. None of these arguments, which I considered fully the first time that he presented them, provides a basis to alter or amend the judgment.

As to his new arguments, Sullivan focuses primarily on the court's discussion of why the expert report from Sirois that he submitted in opposition to defendant's motion for summary judgment is inadmissible and why, even if it is admissible, it fails to create a genuine issue of material fact for trial. The court did not "ignore[ ] plaintiff's comprehensive statistical analysis," as Sullivan contends. Record Doc. No. 26-1 at pp. 2-3. Plaintiff's current motion presents nothing to change the court's original analysis.

The only new <u>evidence</u> that Sullivan submitted, as opposed to newly alleged, supposed facts that are unsupported by any evidence, is a supplemental report from Sirois. Rule 59(e) "'may not be used to . . . present evidence that could have been raised prior to the entry of judgment.'" <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 2810.1, at 127-28 (2d ed. 1995)). Sirois's report is not <u>newly discovered</u> evidence. Sullivan proffers no explanation for why this evidence could not have been presented earlier. The supplemental report therefore provides no legal basis for reconsidering the judgment.

In addition, the supplemental report provides nothing that would assist the trier of fact to determine a material fact at issue. Plaintiff attempts to use the supplemental report to raise disputed fact issues in two ways. First, he tries to refute an argument that defendant has never made and to create a material fact issue about a fact that is actually undisputed. Second, Sullivan asserts that Sirois's report undermines the credibility of Allen Carpenter, who was defendant's Manager of Corporate Compliance at the time of the reduction in force and who is now Worley's Chief Administrative Officer. Carpenter submitted a declaration in support of Worley's motion for summary judgment, which Sullivan contends is not credible. Neither of plaintiff's arguments based on Sirois's supplemental report demonstrates any manifest errors of fact or law.

Plaintiff's first argument is that the layoffs during defendant's reduction in force were not random. Sirois states in her supplemental report: "Even if one assumes that [certain statistical] facts [cited in the court's order and reasons] are true, these facts do not provide statistically valid and scientifically sound evidence to support the defendant's argument that the said layoff was random." Record Doc. No. 32-2 at ¶ 7, p. 4 (emphasis added).

However, Worley has never argued that it randomly selected the persons to be laid off. Defendant admitted, solely for purposes of its motion for summary judgment, that Carpenter stated at a pre-layoff meeting "words to the effect that in determining who would be laid off, 'no one had been singled out', and that the layoffs were 'completely

random.'"  Order and Reasons, Record Doc. No. 24, at p. 5 (quoting declarations of plaintiff and three other witnesses).  Worley admits and has provided undisputed evidence that the selection process was not random.  Out of approximately 246 adjusters whom Worley laid off at the same time as plaintiff, defendant deliberately terminated about 100 adjusters from the large loss unit in which Sullivan worked.  The adjusters in that unit had more specialized experience and were more highly paid than the general claims adjusters whom Worley had also hired.  Worley's client, the Gulf Coast Claims Facility, had directed it to eliminate the large loss unit.  These facts are undisputed.

Sullivan relies on Sirois's original and supplemental reports to show that the layoffs were not random.  However, Worley admits that the layoffs were not random.  Sirois's reports therefore are not relevant to prove any disputed fact.  Her reports are not evidence that Worley discriminated against Sullivan because of his age.

Plaintiff's second argument is that Sirois's report proves the falsity of Carpenter's statement that the layoffs were "completely random."  He argues that this raises a fact issue concerning the credibility of Carpenter's declaration offered in support of defendant's summary judgment motion.  He contends that this credibility question allows the factfinder to infer that defendant's stated reason for terminating Sullivan was false or unworthy of credence and that age discrimination was the actual reason.

As previously stated, defendant admits that the process used to select individuals to be laid off was not random.  Worley met its burden to produce a legitimate, non-

discriminatory reason for its termination of Sullivan's employment.  This "burden is only one of production, not persuasion, <u>involving no credibility assessments</u>."  <u>West v. Nabors Drilling USA, Inc.</u>, 330 F.3d 379, 384 (5th Cir. 2003) (quotation omitted) (emphasis added).

Sullivan thus was required to "show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence. . . .  [I]t is insufficient under the ADEA to show that discrimination was a motivating factor; [plaintiff] must show that age was the 'but for' cause of the challenged" termination decision.  <u>Dees v. United Rentals N. Am., Inc.</u>, 505 F. App'x 302, 304 (5th Cir. 2013) (quotation and citations omitted).  Sullivan failed to come forward with any competent summary judgment evidence to show that any of the facts in Carpenter's declaration is actually in dispute.  He failed to raise any material fact issues that Worley's given reason was a mere pretext and that intentional discrimination was the "but for" cause of his termination.  <u>Id.</u>; <u>Moss</u>, 610 F.3d at 922; <u>Jackson</u>, 602 F.3d at 378.  As discussed at length in the court's original order and reasons, Sirois's original, and now her supplemental, reports are not relevant to prove any disputed fact and are not evidence that Worley discriminated against Sullivan because of his age.

Despite his current argument, plaintiff's complaint plainly does <u>not</u> allege a claim of disparate impact discrimination, as to which Sirois's statistical analysis might theoretically be relevant.  He never moved to amend the complaint to add either that

theory of recovery or any class action allegations.  His attorney's erroneous belief that summary judgment would not be granted and that he could amend his complaint after the court ruled on defendant's motion, which was already long after the deadline to amend pleadings had expired, does not provide good cause for reconsidering the judgment.  The erroneous strategy choices of a party's attorney or the party himself, which contributed to the court's dismissal of the party's claims, do not amount to manifest injustice. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) (citing Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962); Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226-27 (4th Cir. 2005); Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 577 (4th Cir. 1973)); Fox v. Am. Airlines, 389 F.3d 1291, 1296 (D.C. Cir. 2004); Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 673 (D.C. Cir. 2004); Bender Square Partners v. Factory Mut. Ins. Co., No. 4:10-CV-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012); Marine Ofc. of Am., Corp. v. Vulacn [sic] MV, No. 92-456, 1996 WL 337260, at *1 (E.D. La. June 19, 1996).  Plaintiff's attempt to add these new theories of the case after judgment was entered is simply "too late."  Balakrishnan v. Bd. of Supervisors, 452 F. App'x 495, 499 (5th Cir. 2011) (citing Ross, 426 F.3d at 763; Templet, Inc., 367 F.3d at 479).

Finally, the court is sympathetic to the illness of plaintiff's counsel.  However, the court previously granted, and Worley did not oppose, every extension of time that plaintiff's counsel sought.  Sullivan filed his opposition to defendant's motion for

summary judgment within the extended deadline without seeking any more extensions based on his attorney's illness.  He never moved to amend the complaint or to compel additional discovery responses from Worley.  He did not submit any affidavits pursuant to Rule 56(d).  He never moved to substitute or add different counsel.  In these circumstances, the court perceives no manifest injustice that would warrant granting the instant motion.

CONCLUSION

For the foregoing reasons, plaintiff's Motion to Reconsider, Alter, or Amend Judgment, Record Doc. No. 26, is DENIED.

New Orleans, Louisiana, this ____3rd____ day of February, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE