

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 14-30187
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 17, 2014

D.C. Docket No. 2:11-CV-2597 JCW

Lyle W. Cayce
Clerk

MICHAEL E. SULLIVAN,

    Plaintiff - Appellant

v.

WORLEY CATASTROPHE SERVICES, L.L.C.,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before KING, JOLLY, and HAYNES, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

A True Copy
Attest

ISSUED AS MANDATE: DEC 0 9 2014

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
                 Deputy  DEC 0 9 2014

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30187
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 17, 2014
Lyle W. Cayce
Clerk

MICHAEL E. SULLIVAN,

                Plaintiff - Appellant

v.

WORLEY CATASTROPHE SERVICES, L.L.C.,

                Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2597

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant, Michael E. Sullivan appeals the district court's order granting summary judgment in favor of Defendant-Appellee, Worley Catastrophe Services, L.L.C. Sullivan argues that he has submitted evidence showing the existence of disputed material facts in this age discrimination lawsuit against his former employer. Furthermore, Sullivan challenges the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's order requiring him to pay court costs. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Michael E. Sullivan began to work for Defendant-Appellee Worley Catastrophe Services, L.L.C. ("Worley") on July 19, 2010 as a professional claims adjuster working on a project involving third party claims made against British Petroleum ("BP") related to the Deepwater Horizon oil spill ("BP Project"). Sullivan was assigned to the large loss unit, where adjusters were paid at a higher rate than adjusters assigned to the general claims unit. On August 23, 2010, the Gulf Coast Claims Facility ("GCCF") took over the third party administration of the BP claims. The GCCF decided to eliminate the large loss unit because it did not want any specialized units. Worley continued to employ the claims adjusters formerly assigned to the large loss unit, including Sullivan, with the expectation that they would function as general claims adjusters and handle any special projects that arose.

In September 2010, the GCCF instructed Worley to reduce the claims adjusting staff assigned to the BP project by approximately 246 claims adjusters by September 18, 2010. On September 17, 2010, Worley released approximately 100 claims adjusters, including Sullivan, from the main claims adjusting facility where Sullivan worked. Worley also released more claims adjusters from other facilities. Many of the adjusters released during the September 2010 reduction in force were initially assigned to the large loss unit.

Sullivan was fifty-seven years old at the time of his termination. At least fifty-five adjusters who remained on the project after the September 2010 reduction in force were between the ages of fifty-eight and seventy-two. Furthermore, at least thirteen adjusters between the ages of twenty-one and thirty-eight were terminated as part of the September 2010 reduction in force.

No. 14-30187

On October 14, 2011, Sullivan filed suit against Worley in the United States District Court for the Eastern District of Louisiana. Sullivan alleged that Worley had violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., when it discharged him from his employment. Sullivan further alleged that despite receiving a satisfactory work evaluation from his manager, he was terminated as part of a group of generally older and more experienced workers. He also alleged that the workers who remained were substantially less experienced and younger than the workers who were terminated. Sullivan also noted that he was not offered another position with Worley.

On October 7, 2013, the district court granted Worley's motion for summary judgment and entered judgment in favor of Worley.[1] The district court found that "[n]othing in plaintiff's evidence . . . leads to a reasonable inference that Sullivan was terminated [because of] his age." The district court further ordered that Sullivan bear all of the costs associated with the proceedings. After his motion to reconsider was denied, Sullivan filed a timely appeal.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, applying the same standard on appeal as that applied by the district court below. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). A district court's summary judgment order is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could

---

[1] Both parties agreed to have a United States Magistrate Judge conduct the proceedings in the case and to enter final judgment pursuant to 28 U.S.C. § 636(c).

return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party'". *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). Nevertheless, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

We review a district court's decision to award costs for abuse of discretion. *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141 (5th Cir. 1991).

## III. ANALYSIS

Sullivan argues that the district court erred when it granted Worley's summary judgment motion. Sullivan notes that he presented "concrete evidence" contained in "numerous affidavits showing a hostile work environment, an 'ageist' atmosphere, [and] other examples of age discrimination." He further points to an "unrebutted detailed statistical analysis showing that [the employees who were laid off] were far older on . . . average than the retained employees."[2]

---

[2] Only admissible evidence can be used in opposition to a motion for summary judgment. *See Mersch v. City of Dallas, Tex.*, 207 F.3d 732, 734–35 (5th Cir. 2000). The district court found that this statistical analysis offered by a purported expert was inadmissible for several reasons, including: Sullivan's failure to initially disclose to Worley that he had hired the expert as required by Fed. R. Civ. P. 26(a)(2); Sullivan's failure to supplement his disclosures as required by Fed. R. Civ. P. 26(e); and the unreliability of the purported expert's report. Sullivan does not challenge the district court's evidentiary rulings. Instead, Sullivan attempts to utilize the purported expert's statistical analysis to bolster his argument that there is a genuine dispute as to a material fact without acknowledging the district court's rejection of that evidence. Accordingly, Sullivan has waived his opportunity to challenge the district court's evidentiary ruling, *see Koetting v. Thompson*, 995 F.2d 37, 38 n.1 (5th Cir. 1993), and we will not consider the statistical analysis.

4

No. 14-30187

The ADEA prevents an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Since "direct evidence of discrimination is rare, the Supreme Court has devised an evidentiary procedure that allocates the burden of production and establishes an orderly presentation of proof in discrimination cases." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir. 1996) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). In a reduction-in-force case, the employee makes out a *prima facie* case under the ADEA by showing "(1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) 'evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.'" *Nichols*, 81 F.3d at 41 (quoting *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir. 1991)). We will assume, without deciding, that Sullivan has established a *prima facie* case.[3]

By establishing a *prima facie* case of discrimination, the employee "creates a presumption that the employer unlawfully discriminated against the employee." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (internal quotation marks omitted). Accordingly, "[t]he burden of production then shifts to the defendant to proffer a legitimate, non-discriminatory reason for the challenged employment action." *Nichols*, 81 F.3d at 41. The defendant can

---

[3] Worley argues that the district court properly found that Sullivan could not establish a *prima facie* case because Sullivan did not allege—and has no evidence—that there were other positions available that he was he was qualified to assume at the time of his discharge. Although we think this argument has force, we need not address it because we conclude that Sullivan cannot show that Worley's legitimate, non-discriminatory reason for the reduction-in-force was a pretext for age discrimination.

5

meet this burden by submitting evidence that "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr.*, 509 U.S. at 507 (emphasis removed). If the defendant is able to meet this burden, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005).

Worley has met its burden of showing that it had a "legitimate, non-discriminatory reason," for terminating Sullivan. *Nichols*, 81 F.3d at 41. It is undisputed that the BP project was temporary and that Sullivan was aware of this fact. It is also undisputed that Worley was instructed by its client, the GCCF, to reduce the claims adjusting staff assigned to the BP project by approximately 246 claims adjusters in September 2010. Furthermore, it is undisputed that the GCCF decided to eliminate the large loss unit, where Sullivan was originally assigned, in favor of having all of the claims adjusted by a pool of general adjusters. Finally, it is undisputed that many of the former large loss adjusters were included in the September 2010 reduction-in-force. Worley has explained that it terminated adjusters primarily from the former large loss unit because there was no longer a need for their specialized experience after the GCCF decided to eliminate the large loss unit. Accordingly, it is clear that Worley has articulated a legitimate, non-discriminatory reason for terminating Sullivan, namely, that its client requested a large reduction-in-force and it complied by laying off employees, including Sullivan, who were no longer needed. *See E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (reasoning that a reduction in force is a legitimate, non-discriminatory reason for a discharge).

6

No. 14-30187

Since Worley has explained that Sullivan was laid off for a legitimate, non-discriminatory reason, Sullivan must show that Worley's "articulated rationale is merely pretext for discrimination." *Nichols*, 81 F.3d at 41. If Sullivan can successfully "raise a genuine issue of material fact as to whether he has established pretext, that will suffice to avoid summary judgment." *Id.* He fails to do so here. Although Sullivan was fifty-seven at the time of the layoff, at least fifty-five adjusters between the ages of fifty-eight and seventy-two were retained on the BP project after the September 2010 reduction in force. Furthermore, at least thirteen adjusters who were between the ages of twenty-one and thirty-eight were terminated, along with Sullivan, during the September 2010 reduction in force.

This court has repeatedly held that "an employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *E.E.O.C. v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995). Accordingly, Sullivan's declaration that it is highly unlikely that the layoff was random is not sufficient, without more, to establish that there is a genuine dispute of material fact.[4] Furthermore, the declaration of Charles Baldwin, another Worley employee, is similarly unavailing. Baldwin acknowledges that he had taken a leave of absence from Worley before the reduction-in-force. Moreover, his vague accusations accusing Worley managers of "blatant age discrimination" do not establish that Worley laid off Sullivan for any reason but the legitimate, non-discriminatory reason, discussed above.

Sullivan also appears to argue that a Worley official's comment that the layoff was "completely random" was pretextual. For support, he has introduced in the record, in addition to his own declaration, three largely

---

[4] Sullivan's declaration relies largely on the inadmissible statistics discussed above; accordingly, we have even more reason to discount it.

7

identical declarations by three of his former co-workers. Each of these declarations alleges that a Worley official stated during a meeting with the soon to be laid off employees that the determination of who was to be laid off was "completely random." The declarants further allege that they were able to look around the room and see that "it was clear that older, more experienced workers had been selected." Worley has explained that many of the people who were laid off were formerly part of the large loss unit because there was no need for their specialized experience. Accordingly, even if it were true that the people who were laid off were older and more experienced, Sullivan has not raised a genuine issue of material fact that Worley selected him and the other employees to be laid off based on their age. *See Tex. Instruments Inc.*, 100 F.3d at 1185 ("[P]articularly in age discrimination cases where innumerable groupings of employees are possible according to ages and divisions with the corporate structure, statistics are easily manipulated and may be deceptive.") (internal quotation marks omitted). Consequently, he cannot establish that the district court erred when it granted Worley's motion for summary judgment. *See Nichols*, 81 F.3d at 41 (explaining that an employee must raise a genuine issue of material fact as to whether the employer's reasons were pretextual to survive a motion for summary judgment).

We further hold that the district court did not abuse its discretion when it ordered Sullivan to bear the costs of the proceedings below. Under Fed. R. Civ. P. 54(d)(1), "costs . . . should be allowed to the prevailing party." A prevailing party "is one who has been awarded some relief by the court." *Buckhannon Bd. and Bare Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001). The district court's order granting summary judgment to Worley was undeniably an award of relief. *See, e.g.*, 10 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2667 (3d ed. 2014) ("[A] dismissal of the action, whether on the merits or not, generally

means that defendant is the prevailing party."). Accordingly, the district court did not abuse its discretion when it ordered Sullivan to bear the costs of the proceedings below.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

December 09, 2014

Mr. William W. Blevins
Eastern District of Louisiana, New Orleans
United States District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

    **No. 14-30187**    **Michael Sullivan v. Worley Catastrophe Services**
    USDC No. 2:11-CV-2597

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

*Sabrina B. Short*
By: _____
Sabrina B. Short, Deputy Clerk
504-310-7817

cc w/encl:
    Honorable Joseph C. Wilkinson Jr.
    Ms. Jennifer Lynn Anderson
    Mr. David Anthony Dalia
    Mrs. Mary Margaret LeBato

P.S. to Judge Wilkinson: A copy of the opinion was sent to your office via email the day it was filed.